# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 26, 2020

Lyle W. Cayce
Clerk

No. 19-20423
Summary Calendar

DEANA PERRY, Individually and On Behalf of All Others Similarly
Situated,

      Plaintiff - Appellant

v.

BERGHOFF INTERNATIONAL, INCORPORATED,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-4552

Before STEWART, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Deana Perry filed suit against BergHOFF International, Inc.
("BergHOFF") alleging violations of the Fair Labor Standards Act ("FLSA").
BergHOFF moved to dismiss Perry's suit under the doctrine of *forum non
conveniens*. The district court granted BergHOFF's motion and dismissed
Perry's suit. Because the district court did not provide written reasons for its

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 19-20423

dismissal, we remanded for that limited purpose. Reviewing now on remand, with the benefit of the district court's explanation, we affirm.

## I. Factual & Procedural Background

BergHOFF is a Florida corporation that manufactures and distributes kitchen-related products. BergHOFF hires sales agents to help sell its products in various states. Perry worked as a sales agent for BergHOFF from April to October 2018. After her employment with the company ended, Perry filed suit against BergHOFF alleging violations of the FLSA. Although her suit was never certified as a class action, she obtained the written consent of several other sales agents to join as plaintiffs.

In response, BergHOFF moved to dismiss on grounds of *forum non conveniens* or alternatively, to transfer the suit to the U.S. District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). In its motion to dismiss, BergHOFF cited to the forum selection clause in Perry's contract that stated that "any dispute between [Perry] and [BergHOFF] arising under this Agreement shall be submitted [in] accordance with the laws of the State of Florida" and that "any litigation shall take place in New Port Richey, Pasco County, Florida." The district court granted BergHOFF's motion concluding that "venue of this lawsuit is required to be in the state courts of Pasco County, Florida." It dismissed the suit without prejudice "so that it might be re-filed in the appropriate state court in Pasco County, Florida, if Plaintiff chooses to do so." Perry filed this appeal arguing primarily that she should not be bound by the forum selection clause because her claims against BergHOFF arise under the FLSA, not her employment contract.

## II. Discussion

When a district court grants a *forum non conveniens* motion to dismiss on forum selection clause grounds, we review de novo its interpretation and assessment of the clause's enforceability. *Weber v. PACT XPP Techs., AG*, 811

F.3d 758, 766 (5th Cir. 2016). We review its balancing of the private and public interest factors for abuse of discretion. *Id.*

In its memorandum opinion on remand, the district court stated that it had determined that the language of the forum selection clause was mandatory, not permissive. It then turned to 28 U.S.C. § 1404(a) and concluded that the parties had contractually consented to venue in Pasco County, Florida—specifically, a Florida state circuit or county court. The district court noted that the parties had bargained and agreed on the venue, and therefore, were bound by their bargain. Additionally, the district court observed that the convenience of the parties and witnesses was inconsequential because plaintiffs sought to establish a FLSA class claim involving numerous plaintiffs throughout the country. The district court concluded that because it was not authorized to transfer the case to another federal court, and because the parties had not consented to a federal forum at the time of the motion, it has no alternative but to dismiss the case. We agree.

Our review of the record, the parties' briefs, and our analysis of the district court's memorandum opinion on remand leads us to conclude that the district court was correct in determining that the forum selection clause here was mandatory and enforceable between the parties. Accordingly, we affirm the district court's judgment for the reasons stated therein. Moreover, for the reasons stated in our previous opinion, we continue to reject Perry's argument that her claims arise under the FLSA and not her employment contract. *See Perry v. BergHOFF Int'l Inc.*, No. 19-20423, 2020 WL 1777840, at *2 (5th Cir. Apr. 8, 2020) (per curiam) (unpublished).

### III. Conclusion

The district court's judgment dismissing Perry's suit on grounds of *forum non conveniens* is affirmed.